CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

JEREMY N. HENDON (ORBN 982490)
AMY MATCHISON (CABN 217022)
Trial Attorneys
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:    (202) 353-2466
              (202) 307-6422
Fax:          (202) 307-0054
E-mail: Jeremy.Hendon@usdoj.gov
        Amy.T.Matchison@usdoj.gov
        Western.Taxcivil@usdoj.gov

BRIAN J. STRETCH (CABN 163973)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Chief, Tax Division
COLIN C. SAMPSON (CABN 249784)
Assistant United States Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102
Telephone: (415) 436-7020
Email:  Colin.Sampson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE TAX LIABILITIES OF:<br><br>JOHN DOES, United States persons who, at any time during the period January 1, 2013, through December 31, 2015, conducted transactions in a convertible virtual currency as defined in IRS Notice 2014-21. | Civil Number: 3:16-CV-06658-JSC<br><br>**UNITED STATES' OPPOSITION TO MOTION TO INTERVENE, TO QUASH SUMMONS, OR FOR PROTECTIVE ORDER, OR FOR AN ORDER SCHEDULING AN EVIDENTIARY HEARING AND PERMITTING LIMITED DISCOVERY**<br><br>DATE:     January 19, 2017<br>TIME:     9:00 a.m.<br>LOCATION: Courtroom F, 15th Floor<br>          450 Golden Gate Avenue<br>          San Francisco |

United States' Opposition
to Motion to Intervene

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

A. Mr. Berns' Motion for Relief From the John Does Summons is Moot ...........................2

B. The Internal Revenue Code Sets Forth A Comprehensive Scheme Governing the Issuance and Enforcement of Internal Revenue Service Summonses Which Preclude Mr. Berns From Intervening to Enjoin Enforcement of the Summons ........................3

C. Mr. Berns Does Not Have a Right, Nor Should He Be Permitted, to Intervene in This Closed *Ex Parte* Proceeding ..........................................................................................8

D. The John Doe Summons Was Not Sought in Bad Faith and its Issuance and Service Was Not an Abuse of this Court's Process .....................................................................9

    1. The TIGTA Report ...................................................................................9

    2. The John Doe summons is not unjustifiably broad ................................10

    3. The John Doe summons was not sought for research purposes .............11

    4. The IRS provided sufficient facts to support issuance and service of the John Doe summons ................................................................................11

    5. The John Doe summons is not in furtherance of any political agenda ...12

E. A Protective Order is Not Appropriate .........................................................................12

F. Mr. Berns is Not Entitled to Conduct Discovery or an Evidentiary Hearing in This Summary Proceeding ....................................................................................................13

III. CONCLUSION ..................................................................................................................14

# TABLE OF AUTHORITIES

## CASES

*Agricultural Asset Mgt. Co. v. United States*, 688 F.2d 144 (2d Cir. 1982) ............................... 6

*Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S.Ct. 663 (2016) .................................... 2

*Church of Scientology v. United States*, 506 U.S. 9 (1992) ................................................. 2

*Clay v. United States*, 199 F.3d 876 (6th Cir. 1999) ............................................................. 7

*Dame v. United States*, 643 F. Supp. 533 (S.D.N.Y. 1986) ................................................... 3

*DeFunis v. Odegaard*, 416 U.S. 312 (1974) ......................................................................... 2

*Donaldson v. United States*, 400 U.S. 517 (1971) ............................................................ 4, 8

*Hall v. Beals*, 396 U.S. 45 (1969) ........................................................................................ 2

*In re Tax Liabilities of John Does*, Docket No. 57, Case No. 00-3919-CIV-JORDAN (S.D. Fl. November 26, 2002) ......................................................................... 3

*Malone v. IRS*, 237 F.2d 54 (6th Cir. 1956) ......................................................................... 3

*Mills v. Green*, 159 U.S. 651 (1895) .................................................................................... 2

*North Carolina v. Rice*, 404 U.S. 244 (1971) ....................................................................... 2

*Pacific Fisheries Inc. v. United States*, 484 F.3d 1103 (9th Cir. 2007) ................................. 2

*Reisman v. Caplin*, 375 U.S. 440 (1964) .......................................................................... 4, 7

*Spencer v. Kemna*, 523 U.S. 1 (1998) .................................................................................. 2

*Steffel v. Thompson*, 415 U.S. 452 (1974) ........................................................................... 2

*Strong v. United States*, 57 F. Supp. 2d 908 (N.D. Ca. June 22, 1999) .................................. 6

*Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310 (1985) ............................................ 5, 7

*United States v. Abrahams*, 905 F.2d 1276 (9th Cir. 1990) ................................................ 10

*United States v. Arthur Young & Co.*, 465 U.S. 805 (1984) .................................................. 4

*United States v. Bisceglia*, 420 U.S. 141 (1975) ............................................................... 4, 5

*United States v. Clarke*, ___ U.S. ___, 134 S.Ct. 2361 (2014) ............................................. 4

*United States v. Community Bank & Trust Co.*, 768 F.2d 311 (10th Cir. 1985) ..................... 3

*United States v. Does*, No. CA-02-42-MC (E.D. Va. filed December 20, 2002; entered December 31, 2002) ............................................................................................ 2

*United States v. Euge*, 444 U.S. 707 (1980) .................................................................................. 4

*United States v. First Family Mtge. Corp.*, 739 F.2d 1275 (7th Cir. 1984).................................. 7

*United States v. Ford*, 650 F.2d 1141 (9th Cir. 1981) .................................................................. 3

*United States v. Gilleran*, 992 F.2d 232 (9th Cir. 1993).............................................................. 4

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994).......................................................... 6, 7, 12

*United States v. Samuels, Kramer & Co.*, 712 F.2d 1342 (9th Cir. 1983)................................. 6, 13

*United States v. Sidley Austin Brown & Wood LLP*, No. 03 C 9355, 2004
    WL 816448 (N.D. Ill. April 15, 2004) ................................................................................ 8, 9

*United States v. Turner,* (480 F.2d 272 (7th Cir. 1973)............................................................. 11

*Upton v. IRS*, 104 F.3d 543 (2d Cir. 1997)................................................................................... 7

*Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980)......................................................................... 2

STATUTES

I.R.C. § 6201(a) ............................................................................................................................. 4

I.R.C. § 7402(b) ............................................................................................................................. 4

I.R.C. § 7602(a) ............................................................................................................................. 4

I.R.C. § 7609(a)(1) ..................................................................................................................... 5, 6

I.R.C. § 7609(b)(1)..................................................................................................................... 5, 7

I.R.C. § 7609(b)(2)(A) ................................................................................................................... 5

I.R.C. § 7609(c)(3).................................................................................................................. 6, 7, 8

I.R.C. § 7609(f)........................................................................................................................... 6, 7

I.R.C. § 7609(h)(2)..................................................................................................................... 6, 7

RULES

Fed. R. Civ. P. 24(a) ...................................................................................................................... 8

Fed. R. Civ. P. 24(b) ...................................................................................................................... 9

Fed. R. Civ. P. 26......................................................................................................................... 13

Fed. R. Civ. P. 26(c) .................................................................................................................... 13

United States' Opposition
to Motion to Intervene                                        iii

The United States of America submits this Opposition to Movant Jeffrey K. Berns' Motion to Intervene, to Quash Summons, or for Protective Order, or for an Order Scheduling an Evidentiary Hearing and Permitting Limited Discovery (Docket No. 9).

## I. INTRODUCTION

Because transactions in virtual currency can be difficult to trace and many virtual economies and currencies offer some level of anonymity, taxpayers may use them to hide taxable income or may not be properly reporting their taxable income from their transactions in virtual currencies.  The IRS has explained to taxpayers, in Notice 2014-21, its position that virtual currencies that can be converted into traditional currency are property for tax purposes, and a taxpayer can have a gain or loss on the sale or exchange of a virtual currency, depending on the taxpayer's cost to purchase the virtual currency (that is, the taxpayer's tax basis).  Consequently, this *ex parte* proceeding was commenced by the United States for leave of court to issue and serve a John Does Summons on Coinbase, Inc.  Leave of court was granted and the summons was served.  The summons to Coinbase was issued to identify virtual currency users who may be failing to comply with their federal tax obligations.

On December 13, 2017, Jeffrey K. Berns filed this motion, seeking to intervene, to quash the John Doe summons to Coinbase, for a protective order, or for an order scheduling an evidentiary hearing and permitting discovery.  By the underlying motion, movant, Jeffrey K. Berns, has identified himself as covered by the summons to Coinbase.  As a result of learning his identity, the IRS has withdrawn the summons as to him and has notified Coinbase that it no longer seeks any records related to him.  Consequently, Mr. Berns' motion is moot and should be dismissed in its entirety.

In addition, the comprehensive statutory scheme governing the issuance and enforcement of Internal Revenue Service administrative summonses does not allow movants such as Mr. Berns to intervene in this now closed *ex parte* proceeding and does not create jurisdiction in this Court to grant him the relief he seeks.  Furthermore, the rules relied upon by Mr. Berns, Rules 24 and 26 of the Federal Rules of Civil Procedure, do not given him the necessary standing to seek relief.  For these reasons, and as set forth below, the Court should deny his motion.

## II.   ARGUMENT

### A.   Mr. Berns' Motion for Relief From the John Does Summons is Moot

The judicial power of the United States extends only to actual cases and controversies. *See* U.S. CONST., art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Moreover, the controversy that is required must survive all stages of review, not merely the filing of the complaint. *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). Thus, a case that may have been live when a complaint was filed may lose its character as a case or controversy when the incident is resolved during the pendency of the action. "The starting point for analysis is the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'" *DeFunis v. Odegaar*d, 416 U.S. 312, 316 (1974) (*quoting North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

If an event occurs while a case is pending that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party," the case becomes moot and must be dismissed for lack of jurisdiction. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (*quoting Mills v. Green*, 159 U.S. 651, 653 (1895)). When a claimant receives the relief that he sought to obtain through the claim in the case, even after the complaint had been filed, it is impossible for the court to grant any effectual relief and the case becomes moot and must be dismissed for lack of jurisdiction. *See Williams v. Alioto*, 625 F.2d 845, 847-848 (9th Cir. 1980); *see also Church of Scientology*, 506 U.S. at 12. In such a case, the action has "lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969). A case becomes moot when it is impossible for a court to grant any effectual relief. *Campbell-Ewald Co. v. Gomez*, ___ U.S. ___, 136 S.Ct. 663, 669 (2016); *see also Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1105-06 (9th Cir. 2007).

In this case, after obtaining authorization to do so, the IRS served a summons on Coinbase asking it to produce information revealing the identity of certain unknown taxpayers. Since Mr. Berns has come forward and identified himself as one such taxpayer, the government has given notice to Coinbase that is has withdrawn its summons insofar as it relates to him. Mr. Berns' motion is therefore moot. *United States v. Does*, No. CA-02-42-MC (E.D. Va. filed December 20, 2002; entered December

31, 2002), *aff'd,* 61 Fed.Appx. 895 (4th Cir. 2003) (finding both that court was without jurisdiction to consider a motion to quash a John Doe summons and that it was also mooted based on the movant's revelation of her name and the IRS's subsequent withdrawal of the summons as to her) (a copy of the Reporter's Transcript including the Order is attached herewith); *In re Tax Liabilities of John Does Who During the Years ending December 31, 1998 and 1999, Had Signatory Authority Over American Express or Mastercard Credit, Charge, or Debit Cards Issued by or Through, Or For Which Payment Was Received from Banks in Antigua and Barbuda, the Bahamas or the Cayman Islands, or Issued to Persons or Entities in Antigua and Barbuda, the Bahamas, or the Cayman Islands*, Order, Docket No. 57, Case No. 00-3919-CIV-JORDAN (S.D. Fl. November 26, 2002) (denying as moot individual movants' motions to quash a John Doe summons after the IRS had withdrawn the summons as to those individual movants and was no longer seeking enforcement as to them because they had identified themselves) (a copy of this Order is attached herewith); *see also Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986); *United States v. Community Bank & Trust Co.*, 768 F.2d 311, 314 (10th Cir. 1985); *United States v. Ford*, 650 F.2d 1141, 1142-43 (9th Cir. 1981); *Malone v. IRS*, 237 F.2d 54, 54 55 (6th Cir. 1956).

Absent any claim for relief that the Court could afford him that he has not already received, Mr. Berns' motion is moot in its entirety and should be denied on that ground. Moreover, this action was concluded once the Court entered its order granting the United States' *ex parte* petition seeking permission to serve a John Doe summons upon Coinbase on November 30, 2016. Because the matter has been resolved, there is nothing in which Mr. Berns can intervene and his motion should be denied.

**B.  The Internal Revenue Code Sets Forth A Comprehensive Scheme Governing the Issuance and Enforcement of Internal Revenue Service Summonses Which Preclude Mr. Berns From Intervening to Enjoin Enforcement of the Summons**

Mr. Berns' motion is primarily predicated on his misguided belief and assumption that intervention under Rule 24 automatically applies in all summons proceedings. But what Mr. Berns fails to recognize is that Congress has created a comprehensive scheme governing the issuance and enforcement of IRS summonses. That scheme, as discussed below, precludes Mr. Berns' attempt to intervene.

The United States has a system of taxation that relies on the good faith and integrity of each taxpayer to disclose completely and honestly all information relevant to his or her tax liability. *See United States v. Clarke*, ___ U.S. ___, 134 S.Ct. 2361, 2365 (2014); *United States v. Arthur Young & Co.*, 465 U.S. 805, 815-16 (1984). "Nonetheless, it would be naive to ignore the reality that some persons attempt to outwit the system." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975). Accordingly, Congress has conferred upon the IRS the duty to make inquiries, determinations, and assessments of all taxes, and has correspondingly given it expansive information gathering authority, including the power to compel disclosure, for that purpose. I.R.C. §§ 6201(a), 7601(a), 7602; *see Arthur Young & Co.*, 465 U.S. at 816.

The summons power granted to the IRS under Section 7602 is the centerpiece of that authority. That power is broad, and is designed to enable the IRS to conduct effective tax investigations. *See Arthur Young & Co.*, 465 U.S. at 816. That statute authorizes the IRS to examine records, issue summonses, and take testimony for the purpose of "ascertaining the correctness of any return," "making a return where none has been made," "determining the liability of any person for any internal revenue tax," or "inquiring into any offense connected with the administration or enforcement of the internal revenue laws." I.R.C. § 7602(a), (b); *see United States v. Euge*, 444 U.S. 707, 710-11 (1980).

An IRS summons is not self-enforcing, however. *See Clarke*, 134 S.Ct. at 2367; *Donaldson v. United States*, 400 U.S. 517, 524 (1971); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). If a party refuses to comply with a summons, the Government may enforce the summons only after filing a petition in a district court and obtaining an order compelling the production of the requested materials or testimony. *See* I.R.C. §§ 7402(b), 7604; *Clarke,* 134 S.Ct. at 2367; *Gilleran*, 992 F.2d at 233. This judicial involvement provides the appropriate check on the executive branch in its exercise of the summons power and serves to safeguard the taxpayer's procedural rights. *See Reisman v. Caplin*, 375 U.S. 440, 449 50 (1964); *Bisceglia*, 420 U.S. at 146.

Congress has specified certain additional procedures that the IRS must follow in issuing a summons directed to a third party concerning the tax liability of another person. Generally, if the IRS serves a summons on a third party that requests the production of records pertaining to the tax liability of

an identified person other than the third party itself, then that other person must be served with timely notice of the summons. I.R.C. § 7609(a)(1). That "noticee" acquires certain procedural rights, including the right to file a petition in the district court to quash the summons, *see* I.R.C. § 7609(b)(2)(A), and – if the Government brings an enforcement action under Section 7604 against the summoned party – the right to intervene in that proceeding, *see* I.R.C. § 7609(b)(1).

The investigative power of the IRS also includes the power to issue "John Doe" summonses, that is, summonses that do not identify the person or persons with respect to whose tax liabilities information is sought. *See Bisceglia*, 420 U.S. at 148-49. In such a case, "where the IRS does not know the identity of the taxpayer under investigation, advance notice to that taxpayer is, of course, not possible." *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 316-17 (1985) (emphasis in original). As a substitute for that notice, the Code requires the IRS first to obtain leave from a district court before it may serve a "John Doe" summons on a third party. *See* I.R.C. § 7609(f); *Tiffany Fine Arts*, 469 U.S. at 317. In order to obtain such leave, the IRS must demonstrate to the district court that: (1) "the summons relates to the investigation of a particular person or ascertainable group or class of persons;" (2) "there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law;" and (3) the information sought to be obtained from the summons, and the identity of the person or persons with respect to whose liability the summons will be issued, are "not readily available from other sources." I.R.C. § 7609(f). The proceeding before the district court is *ex parte*, and the district court makes its determination whether the statutory requirements have been satisfied solely on the basis of the Government's petition and its supporting affidavits. I.R.C. § 7609(h)(2); *see Tiffany Fine Arts*, 469 U.S. at 317.

The district court's review of a John Doe summons under Section 7609(f) prior to its issuance operates as a substitute for the review that would take place if a noticee were to file a motion to quash a summons under Section 7609(b). "In effect, in the John Doe context, the court takes the place of the affected taxpayer under §§ 7609(a) and (b) and exerts a restraining influence on the IRS." *Tiffany Fine Arts*, 469 U.S. at 320. Because the district court acts in this capacity in a Section 7609(f) proceeding, Congress did not see fit to duplicate that proceeding by extending the right to bring a motion to quash to

United States' Opposition
to Motion to Intervene                    5

a John Doe; instead, the statute authorizes such a motion to be brought only by a person who is identified in the summons. I.R.C. § 7609(a)(1), (b)(2)(A); *see also* I.R.C. § 7609(c)(3) (excluding John Doe summonses from petitions to quash). Similarly, Congress extended an automatic right of intervention in an enforcement proceeding against a summoned party only to a noticee. I.R.C. § 7609(a)(1), (b)(1), (c)(3).

Moreover, neither a John Doe nor any other party may intervene in a Section 7609(f) proceeding, given the statute's mandate that the district court's determination whether to authorize a summons under that provision must be made *ex parte*. *See* I.R.C. § 7609(h)(2). Section 7609 thus precludes the participation of any other party in the district court's determination whether a summons may be issued:

> By requiring that the application be made to the court *ex parte*, we believe Congress intended that the question whether a John Doe summons could be served should not become embroiled in an adversary proceeding. Nothing in the legislative history or on the face of the statute suggests that Congress intended to permit a summoned party to challenge the showings which are a requisite for service of a summons. Were this the case, the enforcement proceedings would, contrary to the legislative intent, "so delay tax investigations by the (Internal Revenue) Service that they (would) produce a problem for sound tax administration greater than the one they seek to solve."

*Agricultural Asset Mgt. Co. v. United States*, 688 F.2d 144, 148-49 (2d Cir. 1982) (*quoting* S. REP. NO. 94-938 at 371, 1976 U.S.C.C.A.N. 3438, 3800); *see also United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1346 (9th Cir. 1983).

In summary, "[t]he mechanism for a taxpayer's challenge to a summons differs according to the statutory provision under which the summons is issued." *United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir. 1994). The proper procedure for a taxpayer who receives an IRS summons but does not wish to comply is to wait for the IRS to bring an enforcement proceeding in district court and challenge the summons in that proceeding. *See Strong v. United States*, 57 F. Supp. 2d 908, 915 (N.D. Ca. June 22, 1999). If the summons is issued to a third party and it concerns an identified taxpayer, that taxpayer may move to quash the summons, or he may intervene in an enforcement action brought by the IRS against the third party. *See* I.R.C. § 7609(b)(1), (b)(2)(A); *Ritchie*, 15 F.3d at 597. If the summons is issued to a third party and it concerns an unidentified taxpayer, a district court must first grant the IRS

leave to serve the summons under Section 7609(f).  The taxpayer may not intervene in the Section 7609(f) proceeding and may not move to quash the summons after its issuance.  *See* I.R.C. § 7609(f), (h)(2), (c)(3).

This Court's review of the John Doe summons to Coinbase prior to its issuance under Section 7609(f) served as a substitute for the review that a named taxpayer could seek through a motion to quash.  *See Tiffany Fine Arts*, 469 U.S. at 320.  The statute accordingly precludes any party from duplicating this review by filing a motion to quash a John Doe summons.  *See* I.R.C. § 7609(c)(3); *Ritchie*, 15 F.3d at 397.

Taxpayers do not have a general right, apart from the statutory grant of jurisdiction in Section 7609, to move to quash an IRS summons.  *See Reisman*, 375 U.S. at 450.  Because Mr. Berns does not fall within the class of taxpayers who are authorized under Section 7609 to file a motion to quash, he is foreclosed from seeking judicial review of the summons issued to Coinbase.  This is as Congress intended:

> Congress, however, did not seek to ensure that the IRS have an adversary in all summons proceedings.  All that it did was require that a party with a real interest in the investigation – or the district court in the John Doe context – have standing to challenge the IRS's exercise of its summons authority.  It is not up to us, in construing the scope of this authority, to identify a problem that did not trouble Congress, or to attempt to correct it.

*Tiffany Fine Arts*, 469 U.S. at 322; *see also United States v. First Family Mtge. Corp.*, 739 F.2d 1275, 1278-79 (7th Cir. 1984) (attempt by taxpayer, outside of waiver of immunity in Section 7609, to restrain IRS from investigation of tax liability is barred by Anti-Injunction Act).

The United States accordingly has retained its sovereign immunity from any suit that seeks to challenge a John Doe summons prior to enforcement that is outside the waiver of immunity found in Section 7609.  *See Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999); *Upton v. IRS*, 104 F.3d 543, 545 (2d Cir. 1997).  Because the United States has not waived its immunity from a motion to quash a John Doe summons, this Court lacks jurisdiction over Mr. Berns' motion.

### C. Mr. Berns Does Not Have a Right, Nor Should He Be Permitted, to Intervene in This Closed *Ex Parte* Proceeding

Only under certain circumstances may a John Doe taxpayer have a right to intervene in an enforcement action under Fed. R. Civ. P. 24(a), or may a district court exercise its discretion under Fed. R. Civ. P. 24(b) to permit him to intervene. Rule 24 extends a mandatory right of intervention only where a taxpayer has a "significantly protectable interest" in the property that is the subject of the summons enforcement proceeding, that is, a claim of privilege or claim of abuse of process. *Donaldson*, 400 U.S. at 531. Mr. Berns suggests that his legally protectable interest here is based on an abuse of process claim rooted in the following: 1) that the IRS is not investigating him and has no reason to investigate him; 2) that the IRS is not able and does not intend to review the tax returns of the Coinbase customers for which it seeks identities; and 3) that the summons has not been tailored to "indicia of tax-avoiding conduct." Docket No. 9 at 8:25-9:2. None of these three, or the combination of all three, constitutes an abuse of process. And, that the IRS might make inquiries into the tax liability of every person who may be liable to pay an internal revenue tax, as is its Congressional mandate, is not an abuse of process. Furthermore, Mr. Berns' recommendation that the summons should have been tailored with specific "indicia" (whatever those might be) is totally irrelevant and the absence of such is certainly not an abuse of process. Mr. Berns' baseless speculation does not amount to a protectable interest sufficient to justify intervention as a matter of right.

Rule 24(b) allows for permissive intervention; however, Mr. Berns fails there too. As he acknowledges, a party seeking permission to intervene must establish federal subject matter jurisdiction. Docket No. 9 at 10:13-28. As discussed above, the United States has not waived its sovereign immunity for a motion to quash a John Doe summons and therefore Mr. Berns cannot establish the necessary subject matter jurisdiction to permit his intervention.

Furthermore, his citation to *United States v. Sidley Austin Brown & Wood LLP*, No. 03 C 9355, 2004 WL 816448 (N.D. Ill. April 15, 2004) in which a court granted permission for a limited intervention in a John Doe summons "reasoning that 'a dispute regarding the sufficiency of the description of the material to be produced is an appropriate basis for a challenge to a summons in an enforcement proceeding'" is distinguishable. Docket No. 9 at 11:9-13. First, this is not an enforcement

United States' Opposition
to Motion to Intervene                    8

proceeding. Second, and as the court cautioned in *Sidley*, even if the requirements of Rule 24(b)(2) are technically met, which they are not here, intervention is still discretionary and a court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(2). Mr. Berns has already requested both discovery and an evidentiary hearing on the IRS's good faith, clearly if he is permitted to intervene at this point in this now closed proceeding there would be undue delay and prejudice to the United States and Coinbase. Finally, the court did permit intervention in *Sidley* on the grounds that the limited area for inquiry, the sufficiency of the description of the material to be produced, would not be challenged by the summoned party, would not require discovery or an evidentiary hearing, would not require that any factual determinations be made, and it could be accomplished without undue delay. 2004 WL 816448 at *10. None of the same can be said for the sweeping relief sought by Mr. Berns' intervention here.

### D. The John Doe Summons Was Not Sought in Bad Faith and its Issuance and Service Was Not an Abuse of this Court's Process

Mr. Berns' argument that the John Doe summons was issued in bad faith and that enforcement would be an abuse of this Court's process is misplaced. That type of argument can only be made in an enforcement proceeding. Again, this is not an enforcement proceeding. This was an *ex parte* proceeding pursuant to Section 7609(h) in which the United States sought, and was granted, leave to serve a John Doe summons on Coinbase. Because the Court approved the service of the summons, this *ex parte* proceeding is complete. As a result, none of the speculative and inflammatory theories Mr. Berns advances in support of his alleged bad faith argument merit consideration. However, because of the reckless nature of many of the allegations made, the United States will briefly address them in turn.

#### 1. The TIGTA Report

Mr. Berns declares that because the Treasury Inspector General for Tax Administration (TIGTA) recently issued a report and made recommendations[1] on the increased use of virtual currencies and the associated risks of reporting noncompliance in taxable transactions that "the IRS Does Not Currently

---

[1] Treasury Inspector General for Tax Administration Reference Number: 2016-30-083, As the Use of Virtual Currencies in Taxable Transactions Become More Common, Additional Actions Are Needed to Ensure Taxpayer Compliance (September 21, 2016) https://www.treasury.gov/tigta/auditreports/2016reports/201630083fr.pdf.

United States' Opposition
to Motion to Intervene                                9

Have the Ability to Enforce Compliance with Its Vague Virtual Currency Guidance Issued in 2014." Docket No. 9 at 12: 16-13-12. What Mr. Berns seems to suggest is that because he thinks the IRS's position on virtual currency as articulated in Notice 2014-21 vague, it is therefore unenforceable, and that somehow that means the summons was not properly issued. This string of reasoning fails. First, it belies Mr. Berns' own sworn testimony that he was able to account for and report any taxable event related to his Bitcoin use seemingly consistent with the IRS's published guidance. Docket No. 10 at 1:9-12. Second, the TIGTA report does not find that the IRS's virtual currency guidance is so vague as to be unenforceable. Finally, the IRS's agreement with the TIGTA's recommendation is not an admission about the unenforceability of the guidance.

### 2.     The John Doe summons is not unjustifiably broad

Mr. Berns is correct that in testing a summons for overbreadth courts are to ask whether the summons described the requested documents in sufficient detail as to inform the summoned party of exactly what is to be produced. Docket No. 9 at 13:21-26; *see United States v. Abrahams*, 905 F.2d 1276, 1282 (9th Cir. 1990). However, despite correctly articulating the standard, Mr. Berns' analysis abruptly detours into a statement about what he thinks the IRS should do to police virtual currency tax compliance and how to better message its goals. Docket No. 9 at 13:27-14:4. Mr. Berns' suggestions in this regard are totally irrelevant. All that would be relevant to an overbreadth inquiry is whether Coinbase has an understanding of what is to be produced based upon the language of the summons. That is a question for Coinbase, not Mr. Berns. And the answer is one that if litigated at all, will not be litigated in this now closed proceeding.

Mr. Berns also raises a concern that because the government, and more specifically agencies in the Executive Branch to include the IRS, has had their computer systems hacked that the IRS is essentially not qualified to handle the information sought by the summons. Docket No. 9 at 14:22-15:18. This is not a relevant inquiry for a summons proceeding, and certainly not this now closed one. Moreover, followed to its logical conclusion, what Mr. Berns is really suggesting is that the IRS should never be able to audit any taxpayer or even accept the filing of any tax return since that also involves the use of the IRS computer systems. That would be an absurd result.

United States' Opposition
to Motion to Intervene                    10

Finally, Mr. Berns is concerned that if the summoned information is put in the hands of government employees that malfeasance will result; seemingly suggesting that IRS employees will use their access to account information to steal virtual currency from account holders. Docket No. 9 at 16:1-9. This offensive accusation is not only unfounded, but also totally irrelevant to the inquiry that was before this Court.

### 3. The John Doe summons was not sought for research purposes

Mr. Berns next offers that because the John Doe summons was sought close in time to the release of the TIGTA report, that the summons must have been sought in response to the report. Accordingly, he speculates that the IRS is pursuing records from Coinbase not for the stated compliance purpose, but rather for a research purpose. Docket No. 9 at 16:23-17:12. Mr. Berns even goes so far as to theorize that the IRS will not be able to examine the income tax returns of any in the John Does class based on the IRS's current resource constraints and so therefore the summons must be about research and is improper. Docket No. 9 at 17:13-18:13. However, Mr. Berns' speculation about the resources and examination ability of the IRS and the coincidental timing of the summons and the TIGTA report do not refute the sworn testimony of the IRS that it is conducting an investigation into U.S. taxpayers who may have failed to disclose tax information relating to their participation in virtual currency transactions and that the summons has been issued for that purpose.

### 4. The IRS provided sufficient facts to support issuance and service of the John Doe summons

Mr. Berns next objects that the IRS's showing in support of its request for leave to serve the summons was insufficient; finding specific fault with the discussion of three examples of tax noncompliance and virtual currency use. Mr. Berns' objection here seems to be both to the number of examples provided as well as the substance of the examples themselves. Docket No. 9 at 19:1-23. While Mr. Berns fails to identify what number of taxpayer examples would satisfy him, caselaw demonstrates that even one example can be sufficient to justify a summons issuance. *United States v. Turner,* (480 F.2d 272, 279 (7th Cir. 1973) (summons appropriate where court concluded, based on the inaccurate preparation of one return, that return preparer had to disclose the names of all the persons for whom he prepared returns).

However, what Mr. Berns really seems to be arguing is that this Court should adopt a new standard (contrary to the relevant statutory framework already discussed) based upon the showings in two examples he cites, *United States v. Kersting,* 891 F.2d 1407, 1408 (9th Cir. 1989) and *United States v. Ritchie,* 15 F.3d 592 (6th Cir. 1994)). Docket No. 9 at 20:11-21:4. Mr. Berns seems to cite to these cases for the proposition that some sort of heightened and particularized evidentiary showing is required prior to issuance of a John Doe summons. *Id.* But that is not what these cases stand for and is not what is required before a John Does summons is properly authorized. As this Court correctly found and as the statute requires, the John Doe summons to Coinbase relates to the investigation of an ascertainable group or class of persons, there is a reasonable basis for believing that such group or class of persons has failed or may have failed to comply with any provision of any internal revenue laws, and the information sought to be obtained from the examination of the records or testimony (and the identities of the persons with respect to whose liability the summons is issued) is not readily available from other sources. Docket No. 7.

### 5. The John Doe summons is not in furtherance of any political agenda

It is completely far-fetched to conclude that the government is pursuing the John Doe summons to harass taxpayers who use virtual currency or to further some sort of a political agenda against virtual currency use. Mr. Berns' out of context quotations of Jamie Dimon (not a government official) and a single U.S. Senator are not evidence in support of his anti-virtual currency conspiracy theory. Moreover, Senator Manchin's full comments, in the very article cited by Mr. Berns, reveal that the Senator was not hostile to virtual currency entirely, but was concerned with the government's ability to respond to the unstable nature of virtual currency and to protect Americans from potential financial harm. Mr. Berns has offered this Court nothing more than conjecture in support of his conclusion that the John Doe summons was sought in bad faith and that its issuance and service was an abuse of this Court's process. This Court should reject his claims out of hand and deny his motion in its entirety.

### E. A Protective Order is Not Appropriate

In requesting a protective order, Mr. Berns has failed to cite any statutory provision that would allow him to bar the United States from seeking records pursuant to a John Doe summons duly

United States' Opposition
to Motion to Intervene                    12

authorized by the Court. And, the four cases to which Mr. Berns cites, presumably as authority for this Court entering a protective order, all involve Fed. R. Civ. P. 26(c). Docket No. 9 at 22. This rule, however, is not applicable in this proceeding. Rule 26(c) allows a party or a person from whom discovery is sought to seek a protective order regarding discovery. The John Does summons served upon Coinbase is not a discovery mechanism under the discovery provisions of Fed. R. Civ. P. 26 et seq. Moreover, Mr. Berns is not a party to this proceeding and no discovery has been sought from him.

### F. Mr. Berns is Not Entitled to Conduct Discovery or an Evidentiary Hearing in This Summary Proceeding

As a last resort, Mr. Berns demands that the Court allow him to conduct limited discovery and then hold an evidentiary hearing. Once again Mr. Berns misunderstands the procedural posture of the John Doe summons and attempts to confuse the Court by relying on caselaw applicable only after the government seeks to enforce, or a proper party files an action to quash, an IRS summons. As discussed above, this case concerns the government obtaining permission for the IRS to issue and serve the summons. It does not concern enforcement of the summons. While a party who has standing to oppose enforcement may, in limited circumstances, seek limited discovery and an evidentiary hearing in order to challenge enforcement of the summons, the primary case relied upon by Mr. Berns in making his argument makes clear such relief is not applicable or appropriate regarding the issuance of John Doe summonses. *See Samuels, Kramer and Co.*, 712 F.2d at 1345-46 (describing the difference between proceeding to obtain permission to serve a John Doe summons and one to enforce the summons). Since this proceeding was about issuance and service of the John Doe summons, relief in the form of discovery and an evidentiary hearing is not available.

### III.   CONCLUSION

For the foregoing reasons, the Movant Jeffrey K. Berns' Motion to Intervene, to Quash Summons, or for Protective Order, or for an Order Scheduling an Evidentiary Hearing and Permitting Limited Discovery should be denied.

Dated this 27th day of December, 2016.

                CAROLINE D. CIRAOLO
                Principal Deputy Assistant Attorney General

                */s/ Jeremy N. Hendon*
                */s/ Amy Matchison*
                JEREMY N. HENDON
                AMY MATCHISON
                Trial Attorneys, Tax Division
                U.S. Department of Justice

                BRIAN J. STRETCH
                United States Attorney
                Northern District of California

                */s/ Colin C. Sampson*
                COLIN C. SAMPSON
                Assistant United States Attorney,
                Tax Division

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 27th day of December, 2016, via the Court's ECF system to all parties.

/s/ Amy Matchison
AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice